# NEW ORLEANS *v.* WARNER.

PETITION FOR LIMITED REHEARING OF THE CASE REPORTED IN 175 U. S. AT PAGE 120.

No. 172. Distributed November 29, 1899. — Decided January 15, 1900.

The decree heretofore entered in this case is vacated, and a new decree is entered *nunc pro tunc* as of March 13, 1899, affirming the decree of the Circuit Court of Appeals in all respects.

THIS case was argued March 13, 1899, was decided November 13, 1899, and is reported in Volume 175 U. S., beginning on page 120. The judgment of the court was expressed as follows:

Our conclusion is that the decree of the Court of Appeals be modified in respect of the date from which interest is to

be calculated, and as so modified affirmed, with costs of this court equally divided, and that the case be remanded to the Circuit Court for the Eastern District of Louisiana with a direction to comply with the decree of the Court of Appeals as modified, and it is so ordered.

The petition for a rehearing was as follows:

*To the Honorable, the Supreme Court of the United States:*

The undersigned, with respect, desire to make the following suggestion in the nature of a petition for a limited rehearing herein, with a view to the correction of what we think is an error as to the date from which interest is allowed by the court in this suit.

In the court's opinion it is declared, and it is the fact, that both the statutes and the warrants provide that said warrants shall bear interest at the rate of 8 per cent per annum "until paid," and that it was the opinion of the court that complainant was entitled to that rate of interest from November 26, 1894 — the date of filing the bill and issuance of the subpoena. This date from which interest is to begin we think is an error, because the contract — both the said drainage warrants and the statute under which they were issued — fix in unmistakable terms the date on which the interest is to begin to run, to wit, from the date of the presentation of the warrant to the administrator of finance, June 6, 1876, of which presentation full proof was made.

*First.* The statute under which the sale and purchase was made, act of the Legislature No. 16 of the sessions of 1876, approved February 24, 1876, provided:

"That all amounts to be paid, when agreed upon, shall be paid in drainage warrants by the city of New Orleans, which said warrants shall be issued in the same form and manner as those heretofore issued to the transferee of the said company under Act No. 30 of Acts of 1871, for work done."

And Act No. 30 of 1871, in the 8th section thereof, after providing for the measurement of the work to be done, by an engineer to be appointed, and the certification of the amount thereof, further provided:

" It shall be the duty of the administrator of accounts, on the presentation to him of the said certificate of the city surveyor or other engineer appointed by the board of administrators, by the president of the said Mississippi and Mexican Gulf Ship Canal Company, to draw a warrant or warrants on the administrator of finance, in payment of the work so done, at the rate of fifty (50) cents per cubic yard of excavation, and fifty (50) cents per cubic yard for protection levee, the said warrants to be of such denomination as may be required by the president of said company. These warrants it shall be the duty of the administrator of finance to pay on presentation to him, in case there be any funds in the city treasury to the credit of said Mississippi and Mexican Gulf Ship Canal Company; but should there not be sufficient funds to cash the said warrant or warrants, then the administrator of finance is hereby required to indorse upon the same the date of presentation, after which date the said warrant or warrants shall bear interest at the rate of eight per cent per annum until paid, which condition shall be set forth in the form of the said warrant or warrants."

*Second.* And the warrants in suit provide as follows:

No. 379.                    DEPARTMENT OF PUBLIC ACCOUNTS.
$2000.00                    NEW ORLEANS, June 6, 1876.
*To the Administrator of Finance, City of New Orleans.*
ORDINANCE 3539; A. S.

Pay to the order of W. Van Norden, transferee of Mississippi and Mexican Gulf Ship Canal Company, two thousand dollars out of any funds in the city treasury to the credit of said company.

This warrant is issued in accordance with the provisions of Act 30 of the session of the General Assembly of the State of Louisiana, held in the year 1871, and the administrator of finance, on presentation to him of this warrant, will pay the same in cash, in case there be any funds in the city treasury to the credit of the said Mississippi and Mexican Gulf Ship Canal Company; but should there not be sufficient funds to cash this warrant then the administrator of finance is required

to indorse upon the same the date of presentation, and this warrant shall bear interest at the rate of eight per cent per annum from and after the date of such presentation and indorsement until paid.

Charge Mississippi and Mexican Gulf Ship Canal Company.
(Signed)	J. G. BROWN,
*Administrator of Accounts.*

Presented for payment June 6, 1876.
(Signed)	E. PILSBURRY,
*Administrator of Finance.*

(Indorsed)	W. VAN NORDEN, *Transferee.*
See Record, p. 109.

And this warrant (a specimen copy of the others sued on, see agreement, page 213 of Record), together with the acknowledgment of presentation by said administrator of finance on the 6th day of June, 1876, was duly offered in evidence in the Circuit Court, as will fully and conclusively appear from complainant's note of evidence taken down by the clerk of said Circuit Court, in open court, to be found on page 205 of this record, item 2d, at the bottom of said page, which reads as follows:

2d. Complainants offer in evidence the drainage warrants sued in this case Nos. ——, together with the presentation of said warrant at the bottom of each.

And thus interest at 8 per cent per annum from June 6, 1876 (date of presentation), until paid, was specially set up and prayed for in an amendment to the bill of complaint, duly allowed by the court. See Record, pp. 184 and 185.

We therefore submit, that it is perfectly clear that interest, under the contract of the parties, is to be computed from the date of presentation of the warrants on June 6, 1876, and that such presentation for payment was made on that date, is *proved* by the warrant itself and the indorsement of presentation thereon, and there is not even an intimation of any proof to the contrary, or any absence of the proof here contended for.

And that the holders of drainage warrants are entitled to interest at 8 per cent per annum from June 6, 1876, has been decided as follows:

The suit of *Peake* v. *New Orleans*, 139 U. S., p. 342, was based on a judgment at law rendered on warrants issued under the same statute, where interest was allowed at 8 per cent per annum from the date of presentation, and this court, at page 349 of said report, said this judgment was undoubtedly correct.

A like judgment at law was rendered on warrants of James Jackson, where interest was allowed from June 6, 1876 (date of presentation for payment to said administrator of finance). See the record of this case, pages 360 to 363.

And like judgments at law have been rendered on warrants of the same class here sued on allowing interest from the date of said presentation until paid.

And in the efforts of holders of drainage warrants to collect the same, they have always been diligent. Record, pp. 114, 122, 126 (still pending and undisposed of by agreement of counsel), 142, in addition to protracted litigations in the state courts.

The matter of the date from which interest was to be computed was not specially considered in our brief, because appellant (petitioner) made no complaint as to this part of the decree, the assignment of error merely setting up want of power in the city to make any contract for interest. We perhaps should have noted the date of demand of presentation with more particularity in our brief. We submit, however, that the decree should be amended so as to allow the interest complainant is entitled to, and he prays that a limited rehearing be granted and that the decree entered may be amended so as to allow interest from June 6, 1876.

Respectfully submitted,

RICHARD DE GRAY,
J. D. ROUSE,
WILLIAM GRANT.
*Solicitors for Complainant and Respondent.*

We certify the foregoing petition is in our opinion well founded and is not made for the purpose of delay.

RICHARD DE GRAY,
WILLIAM GRANT.

Mr. *Richard De Gray*, Mr. *William Grant* and Mr. *J. D. Rouse* filed a brief supporting the petition.

Mr. *Samuel L. Gilmore* and Mr. *Branch K. Miller*, solicitors for the city of New Orleans, filed an opposing statement.

MR. JUSTICE BROWN delivered the opinion of the court.

On motion for a rehearing upon briefs filed, and upon an affidavit of the death of the petitioner, John G. Warner, on March 21, 1899, it appearing in this case that the court overlooked the fact that the drainage warrants, which formed the basis of this suit, were duly presented for payment on June 6, 1876, it is

> *Ordered that the decree heretofore entered in this case be, and is hereby, vacated and set aside, and that a new decree be entered nunc pro tunc as of March 13, 1899, affirming the decree of the Circuit Court of Appeals in all respects.*